UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Aaron Bookhart,<br><br>         Plaintiff,<br><br> -v.-<br><br>Midland Credit Management, Inc.,<br><br>         Defendant. | Civil Action No: 1:23-cv-671<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Aaron Bookhart (hereinafter, "Plaintiff"), a New York resident, brings this Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Midland Credit Management, Inc. (hereinafter "Defendant"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. §1692(e). After determining that the existing consumer protection laws ·were inadequate. Id §l692(b), Congress

gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. §1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this action under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of New York.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and is registered to accept service of process through its registered agent, c/o Corporation Service Company, at 80 State Street, Albany, New York 12207.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant is a "debt collector" as defined under the FDCPA under 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

11. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

12. Some time prior to January 5, 2023, an obligation was allegedly incurred to Capital One Bank USA N.A. ("Capital One")

13. The alleged Capital One obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

14. The alleged Capital One obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

15. Capital One is a "creditor" as defined by 15 U.S.C. §1692a(4).

16. Upon information and belief, Capital One contracted with Defendant, or otherwise sold and/or assigned the Capital One debt to Defendant for the purposes of collecting the alleged debt.

17. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation I – January 6, 2023 Phone Call*

18. On January 5, 2023, at approximately 2:23 PM, Plaintiff e-mailed Defendant and included a formal writing advising Defendant as follows:

> My name is Aaron Bookhart. Recently, I have been receiving communications from your agency regarding an alleged account originally with Capital One Bank USA N.A., account number 517805XXXXXXXXXX, and having an alleged balance of $636.
>
> I have doubts about this debt and the balance, and I dispute them.

  Please send me debt verification documents by physical mail. ***<ins>Please make sure to send any subsequent communication only in writing.</ins>***

  Thank you.

(emphasis added). A copy of Plaintiff's email and the attachment contained therein is attached hereto as Exhibit A.

  19. The Cease-and-Desist Letter referenced the Capital One account by account number and the balance of the alleged debt.

  20. The Cease-and-Desist Letter stated that Plaintiff disputed the debts and requested verification of the same.

  21. Additionally, the Cease-and-Desist Letter demanded that Defendant cease all further communication unless the same was sent in writing.

  22. Therefore, as of January 5, 2023, Defendant knew or should have known that Plaintiff had demanded that all forms of communication, except for written correspondence, had been specifically rejected by Plaintiff.

  23. After receipt of the Cease-and-Desist Letter, Defendant continued to contact Plaintiff in an attempt to collect the alleged Capital One debt.

  24. At all relevant times, the employees who sent or otherwise had a connection with the sending of correspondence to Plaintiff were acting as agents on behalf of Defendant.

  25. Specifically, on January 6, 2023, a representative of Defendant contacted Plaintiff via telephone regarding the Capital One debt. A copy of a screenshot evidencing the subject call after the sending and receipt of Plaintiff's cease and desist notice is attached hereto as Exhibit B.

26. Such conduct directly violated 15 U.S.C. § 1692c(c) which forbids a debt collector from continuing to communicate with a consumer after the consumer advises that he wishes the debt collector to cease all further communication with the consumer.

27. The consumer's ability to demand a cessation to communications includes specifying that the consumer does not wish to be contacted via specific mediums, including limiting all communication to written correspondence.

28. Defendant's failure to comply with both Plaintiff's request and the FDCPA as a whole cast a negative shadow over its debt collection practice in general.

29. Despite the fact that Defendant was aware of Plaintiff's disputing of the debt and his specific request to not be contacted in any medium other than in writing, Defendant continued to contact Plaintiff via telephone attempting to collect the debt.

30. The improper communication was intended to harass Plaintiff and push him to resolve the debts which Defendant knew were in dispute.

31. As noted, the FDCPA specifically requires a debt collector to cease communication with a consumer upon receipt of the consumer's written request to cease and desist such communications.

32. When a debt collector continues to contact a consumer despite the consumer's express request that such communications cease, the debt collector's conduct only serves to harass a consumer.

33. When a consumer is inundated with attempts to collect a debt, particularly once the consumer has specifically requested that such communications cease, the consumer will often give up and choose to pay an unwarranted debt to avoid further trouble.

34. Knowing the state of affairs and swift tricks that debt collectors attempt against consumers, Congress passed laws to protect consumers.

35. As noted, one specific requirement Congress implemented is requiring debt collectors to cease all communications with consumers who provided a written request for the same.

36. When a debt collector fails to follow the laws implemented by Congress, they create an unfair advantage against the consumer and impede the consumer's ability to respond to a demand for payment intelligibly.

37. Such debt collector conduct encourages rash decision making and consumers are left without any power to face the debt collector in a meaningful way.

38. These violations by Defendant were unconscionable, knowing, willful, negligent, and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

39. As complying with a cease-and-desist request is customary, particularly when the same is supported by specific provisions of the FDCPA, the fact that Defendant continued to attempt to collect on the allegedly delinquent debts following its receipt of Plaintiff's Cease and Desist Letter arouses suspicion as to their underlying motivations for doing so.

40. Such conduct makes it appear that Defendant is just attempting to improperly extort money from Plaintiff and coerce Plaintiff to pay.

41. Plaintiff was therefore unable to make payment on the debt.

42. The funds Plaintiff would have used to pay some or all of these alleged debts were therefore spent elsewhere.

43. Plaintiff was therefore left with less funds with which to pay off these debts once the facts were sorted out, if it turned out that she did indeed owe the alleged debt.

44. Because of Defendant's improper conduct, Plaintiff expended time, money, and effort in determining the proper course of action.

45. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

46. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of invasion of privacy, intrusion upon seclusion, fraud, negligent misrepresentation, negligent infliction of emotional distress, and conversion.

47. For the purposes of this action, only a close relationship to common law harm is needed, not an exact duplicate.

48. Defendant's actions caused Plaintiff to expend time, in reliance on the improper content of the letter to ascertain what his options and possible responses could or should be.

49. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any debt.

50. Defendant's deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately or informatively respond to Defendant's demand for payment of the alleged debt.

51. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

52. When a debt collector fails to comply with the specific requirements of the FDCPA the debt collector has harmed the consumer.

53. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692c *et seq.*

54. Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

55. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c.

56. Pursuant to 15 U.S.C. § 1692c(c), a debt collector continue to communicate with a consumer who has provided a written request that the debt collect cease and desist further communications regarding any alleged debt.

57. Defendant violated § 1692c(c):

   a) By continuing to contact Plaintiff in forms other than writing despite having received a cease-and-desist letter demanding such conduct cease regarding the Capital One debt.

58. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692c *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692d *et seq.*

59. Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

60. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

61. Pursuant to 15 U.S.C. § 1692d, a debt collector may not engage in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

62. Defendant violated § 1692d:

   a) By ignoring Plaintiff's request and continuing to harass and oppressively call Plaintiff attempting to collect the alleged debt.

63. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692d *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f *et seq.*

64. Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

65. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

66. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means to collect to attempt to collect any debt.

67. Defendant violated § 1692f:

   b) By unfairly and unconscionably ignoring Plaintiff's cease and desist letter by continuing to communicate with Plaintiff in forms other than writing.

68. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

69. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Aaron Bookhart, demands judgment from Defendant Midland Credit Management, Inc., as follows:

1. For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

2. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. For attorney fees and costs provided pursuant to 15 U.S.C. § 1692k(a)(3);

4. For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201; and

5. For any such other and further relief, as well as further costs, expenses, and disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
       January 26, 2023

                                                            */s/ Christofer Merritt*

By: Christofer Merritt, Esq.
**Stein Saks, PLLC**
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
*Attorneys For Plaintiff*